UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
FILED: 8/9/2017

ALICJA STANKIEWICZ

            Plaintiff,

- against -

UNIVERSAL COMMERCE CORP., ET AL.,

            Defendants.

16-cv-2050 (JGK)

MEMORANDUM OPINION AND ORDER

**JOHN G. KOELTL, District Judge:**

The Court received the parties' joint request to assign a pseudonym retroactively to all parties' names on the docket sheet and to all of the publicly available documents filed in this case, ECF No. 33.

"[W]hen determining whether a [party] may be allowed to maintain an action under a pseudonym, the [party's] interest must be balanced against both the public interest in disclosure and any prejudice to the [opposing party]." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189 (2d Cir. 2008). Thus, even when both parties agree to proceed anonymously, the public interest must be considered because "[t]he people have a right to know who is using their courts." Id. (quotation marks omitted). This case does not involve particularly vulnerable parties, nor does either party identify any risk of retaliatory physical harm. See id. at 190 (listing relevant considerations in the decision whether to allow a party to proceed

1

anonymously). Moreover, the case had been pending for over a year before the parties decided to request anonymity. See id. The fact that the parties now believe that they have suffered economic harm as a result of the allegations at issue in this case is not a basis to assign a pseudonym retroactively to every publicly available document in this case. See Abdel-Razeq v. Alvarez & Marshal, Inc., 2015 WL 7017431, at *4 (S.D.N.Y. Nov. 12, 2015) (noting that "courts have consistently rejected anonymity requests predicated on harm to a party's reputational or economic interests" and collecting cases). Nor is the mere fact that the allegations are embarrassing a sufficient basis to assign a pseudonym retroactively to each party. The plaintiff chose to file this complaint, and the defendants chose to file counterclaims without requesting anonymity. "Lawsuits are public events" and "[t]he risk that a [party] may suffer some embarrassment is not enough" to justify anonymity. M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998) (quotation marks omitted).

Nevertheless, because this is a joint request and this case has been settled without any finding of fault on either side, there is no especially pressing public interest in being able to access the litigants' identities through a search of the caption. See Sealed Plaintiff, 537 F.3d at 190. A limited sealing order is therefore justified. An order that masks the

2

names in the caption will reduce the publicity afforded to the parties while still allowing access to the unredacted documents in the court file. The Clerk shall amend the parties' names in the caption on the court docket so that they appear as plaintiff Jane Doe and defendants John Doe Corp. and John Doe. The parties' request to assign a pseudonym retroactively to all previously-filed documents is denied. That process would be burdensome and unnecessary in view of the action of both parties in litigating this case without pseudonyms.

**SO ORDERED.**

**Dated:   New York, New York
          August 8, 2017**

_____
**John G. Koeltl
United States District Judge**

3